STEPHEN A. HIGGINSON, Circuit Judge: *
Gregory Brooks filed this 42 U.S.C. § 1983 suit against West Point, Mississippi police officers Jimmy Birchfield and William Spradling, alleging that the officers violated his constitutional rights by unlawfully arresting him without probable cause, by unlawfully arresting him in retaliation for his exercise of freedom of speech, and by using excessive force upon him. The district court granted summary judgment in favor of both defendants on the ground of qualified immunity. We affirm in part and reverse in part.
I.
We summarize the evidence in the light most favorable to Brooks. The dispute began when Brooks called 911 to complain of harassing phone calls from his sister in Atlanta, and Birchfield responded to Brooks’s home. When Birchfield told Brooks that he could not immediately press charges, Brooks became angry and used curse words and other disrespectful language in telling Birchfield to get off his property, but did not verbally or physically threaten Birchfield or make any threatening, combative or other overt gesture toward him. The exact words Brooks used are disputed.[1]
*988 Birchfíeld then told Brooks that he was “fixing to go to jail for disorderly conduct” and called for backup; while he was waiting in his car for a second officer, he told Brooks’s wife and daughter — -who had come out to talk to him — that Brooks would be arrested for disorderly conduct. When Spradling arrived, the two officers knocked on Brooks’s front door and asked him to come outside, planning to arrest him for disorderly conduct. Brooks ran out of the house through a different door and moved quickly toward the officers, demanding to know why the officers were banging on his door (again, using some level of expletive that the parties dispute).
Here, accounts of the incident diverge. Brooks and two of his family members testified that Spradling quickly grabbed Brooks’s arms and pulled them behind his back, and that Brooks put his hands up only to block the impact of Birchfield, who ran into Brooks and then yelled that he was going to charge him with assaulting an officer or resisting arrest. On the other hand, Spradling testified that he grabbed Brooks only after Brooks had first “shoved” Birchfield. And Birchfield testified that almost as soon as Brooks exited his home, he told Brooks that he was under arrest and to put his hands behind his back; Spradling then grabbed Brooks, who pulled free and “came at” and “pushed” Birchfield.
After that disputed stage of the second encounter, the officers took hold of Brooks, pushed him against the garage door, and forced him to the ground, resulting in abrasions on his hands and knees. Once Brooks was on the ground, he was handcuffed and led to Spradling’s squad car. Brooks complained of pain in his back and neck, so the officers had an ambulance take him to a hospital, where he was treated for abrasions. Brooks also claims that the incident exacerbated his Posh-Traumatic Stress Disorder (PTSD) symptoms.
II.
We review a district court’s summary judgment decision de novo. Poole v. City of Shreveport, 691 F.3d 624, 627 (5th Cir. 2012). We employ a two-pronged inquiry to resolve questions of qualified immunity at summary judgment. “The first asks whether the facts, ‘[t]aken in the light most favorable to the party asserting the injury, ... show the officer’s conduct violated a [federal] right[.]’ ” Tolan v. Cotton, — U.S. -, 134 S.Ct. 1861, 1865, 188 L.Ed.2d 895 (2014) (per curiam) (alterations in original) (quoting Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). The second prong “asks whether the right in question was ‘clearly established’ at the time of the violation.” Id. (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). “[U]nder either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment.” Id. at 1866, 134 S.Ct. 1861.
Because the non-moving party’s disputed evidence must be credited on a motion for summary judgment, the district court erred in dismissing on the basis of qualified immunity Brooks’s claim that he was arrested without probable cause. “The right to be free from arrest without probable cause is a clearly established constitutional right.” Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir.1994). We look to the moment Brooks was arrested to determine whether the officers could have reasonably believed that they had probable cause— that “there was a fair probability that [Brooks] had committed or was committing an offense.” Haggerty v. Tex. S. Univ., 391 F.3d 653, 656 (5th Cir.2004); *989 see United States v. Tinkle, 655 F.2d 617, 623 (5th Cir. Unit A 1981) (“The critical time is the moment of arrest, not the moment the officer makes the decision to arrest”).
It is regrettable when police are summoned and respond, only to be cursed. But viewing the facts at the time of arrest in the light most favorable to Brooks, no reasonable officer could have believed that he could arrest Brooks solely because of the words he used during his first encounter with Birchfield, which constituted neither “fighting words” punishable under the First Amendment nor disorderly conduct under Mississippi law. See City of Houston v. Hill, 482 U.S. 451, 461-63, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987); Gooding v. Wilson, 405 U.S. 518, 521-28, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Jones v. State, 798 So.2d 1241, 1247-48 (Miss.2001)' (en banc) (holding that a defendant’s profane remarks to a police officer could not have given the officer reason to believe that a breach of the peace had occurred); Brendle v. City of Houston, 759 So.2d 1274, 1283-84 (Miss.Ct.App.2000) (en banc) (holding that curse words addressed to a police officer were not fighting words punishable under Mississippi profanity statute). And although Spradling and Birch-field’s disputed versions of the events after they knocked on Brooks’s door might support a finding that the officers had probable cause to believe that Brooks committed simple assault or resisted a lawful arrest,[2] the facts established by the testimony of Brooks and his family—which we must credit on a motion for summary judgment—do not. The district court therefore erred in granting summary judgment on this claim.
The district court also erred in granting summary judgment to Birchfield on the basis of qualified immunity with respect to Brooks’s claim for retaliation in violation of the First Amendment. On that claim, Brooks must show that (1) he “engaged in constitutionally protected activity”; (2) Birchfield’s actions caused Brooks “to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity”; and (3) Birchfield’s “adverse actions were substantially motivated against” Brooks’s exercise of constitutionally protected speech. Keenan v. Tejeda, 290 F.3d 252, 258 (5th Gir.2002). Viewing the evidence in the light most favorable to Brooks, a jury could conclude that Brooks’s speech was constitutionally protected, that his arrest for cursing a police officer was an injury that would chill the speech of a person of ordinary firmness, and that Birchfield’s decision to arrest Brooks was motivated against his exercise of protected speech. See id. at 258-61. On this view of the evidence, it also would have been clear to any reasonable officer that Birchfield’s conduct was unlawful because (1) “government retaliation against a private citizen for exercise of First Amendment rights cannot be objectively reasonable,” and (2) as discussed, it is materially disputed whether Birchfield had a legitimate ground to arrest Brooks that could “take primacy over [Brooks’s] right to avoid retaliation.” See id. at 261-62. Thus, “qualified immunity turns on fact issues that must be resolved by further proceedings in the trial court.” Id. at 262.
Nonetheless, the district court correctly dismissed Brooks’s claim that the officers used excessive force in violation of the Fourth Amendment when they arrest *990 ed him — an issue we analyze “without regard to whether the arrest itself was justified.” Freeman v. Gore, 483 F.3d 404, 417 (5th Cir.2007). “To state a claim for excessive use of force, the plaintiffs asserted injury must be more than de minimis.” Id. at 416. According to Brooks, he suffered abrasions to his hands and knees, some pain in his back and neck, and unspecified problems with his asthma. We have held injuries of this type to be de minimis. See id. at 417 (“[M]inor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force.”); Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir.2005) (concluding that allegations of- “suffering] ‘acute contusions of the wrist,’ and psychological injury from being handcuffed” stated only de minimis injuries). Brooks’s additional allegation that he suffered an increase in his PTSD symptoms, which -he does not support with medical evidence, does not suffice to survive summary judgment either. Although the record indicates that the officers knew Brooks was a veteran, there is no evidence they knew or should have known that he had PTSD. And “[t]he ‘reasonableness’ of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Brooks’s hidden susceptibility to psychological trauma, therefore, provides little support for his claim of having suffered a cognizable injury from the officers’ conduct. See Tarver, 410 F.3d at 752 (“Tarver does not demonstrate that he suffered psychological injury from the handcuffing or that the handcuffing was excessive or unreasonable.”); Richman v. Sheahan, 512 F.3d 876, 883 (7th Cir.2008) (explaining that a claim of a “hidden vulnerability ... would undermine the plaintiffs case that the defendants had used excessive force”). Because Brooks has not proffered evidence that the officers caused him more than a de minimis injury, the district court did not err in granting summary judgment on his excessive force claim.
III.
For these reasons, we AFFIRM the district court’s grant of summary judgment in favor of the police officers on Brooks’s excessive force claim, but REVERSE its grant of summary judgment with respect to Brooks’s unlawful arrest and First Amendment retaliation claims, and REMAND the case for further proceedings consistent with this opinion.

 Pursuant to 5th Cir, R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Birchfield maintains that Brooks said, "I don’t like your punk ass no way,” and "just get your mother fucking ass out of my yard.” Brooks does not recall saying those words and denies that he would ever do so, but does *988 admit telling Birchfíeld to "get the hell off [his] property."

. “The offense of resisting arrest presupposes a lawful arrest. A person has a right to use reasonable force to resist an unlawful arrest.” Taylor v. State, 396 So.2d 39, 42 (Miss.1981) (citation omitted).